WASTE, C. J.
 

 Petition for a writ of prohibition to restrain the respondent court and the judge thereof from further proceeding with the hearing of an application for the modification of an order granting alimony to the divorced wife of petitioner. The final decree, made April 16, 1919, directed the defendant, petitioner here, to “pay plaintiff [his wife] the sum of $50.00 per month alimony for the support and maintenance of herself and said minor child [of the parties], Irma Pauline Tolle, and that he pay the same monthly in advance on the 15th day of each month until said minor child, Irma Pauline Tolle, reaches the age of eighteen years”. Irma was then sixteen years of age, and reached the age of eighteen years in February, 1921.
 

 It is not disputed that petitioner complied with the terms of the order and paid the sum of $50 per month until the minor reached the designated “age of eighteen years”, and is nowise in default. Seventeen years after the payments of alimony ceased, the divorced wife has moved the superior court to modify the decree of divorce and “make a further, different or additional order” requiring petitioner to pay her for
 
 “her
 
 support and maintenance the sum of $400 per month from and after the date of the modification”. (Italics added.) Petitioner, contending that he has fully performed the terms of the decree of 1921, moved the court to dismiss the application of his former wife. The motion was denied,
 
 *97
 
 and petitioner seeks by prohibition to restrain the court from proceeding with hearing the application.
 

 Petitioner's contention that he has fully complied with the requirements of the decree that he pay alimony is supported by the authorities. Our decision in
 
 McClure
 
 v.
 
 McClure,
 
 4 Cal. (2d) 356 [49 Pac. (2d) 584, 100 A. L. R 1257], discusses the exact question. It was there held (p. 359) to be “well settled that a decree of divorce may be rendered which permanently relieves the husband from the obligation to pay alimony in any sum. The decree has this effect where it expressly so provides, or where it neither awards alimony to the wife nor reserves the right thereafter to make an allowance for her support.” Many authorities are cited as supporting the text. Accepting this to be the settled rule, we are brought to a consideration of the question: Did the court here permanently relieve this petitioner from the obligation to pay alimony after the minor child of the parties reached the age of eighteen years?
 

 There is no express answer to this question, but impliedly there is. The order provided for the payment “until said minor child reaches the age of eighteen years ’ ’. The effect of this order was to fix a period as definitely as though payment-had been ordered from the date of the decree to and including the 4th day of February, 1921. The use of the word “until” determines the question. It is a restrictive word—a word of limitation. Its use in the order before us meant, and can only mean, that the payment of the alimony continued to the date of the minor’s eighteenth birthday.
 
 {State
 
 v.
 
 Kehoe,
 
 49 Mont. 582 [144 Pac. 162];
 
 Maginn
 
 v.
 
 Lancaster,
 
 100 Mo. App. 116 [73 S. W. 368].) By the use of the word “until”, the court provided a definite term during which the alimony should be paid, and there was no reservation of the right to change or modify the term. There being no provision for alimony after the minor reached the age of eighteen years, and the terms of the decree providing for payments until that date having been fully satisfied, nothing remained to modify. There was no appeal from the decree of divorce. When that judgment became final, the plaintiff in the case was no longer the wife of petitioner, and he owed her no marital duty. From that time she could enforce against him no obligation not imposed by the court at the time of the judgment.
 
 {Howell
 
 v.
 
 Howell,
 
 104 Cal.
 
 *98
 
 45 [37 Pac. 770, 43 Am. St. Rep. 70].) The judgment rendered was a final adjudication of the rights of the parties, and was conclusive, not only as to the relief granted, but as to the relief denied or withheld. Upon its entry, the jurisdiction of the court over the subject-matter of the suit and the parties was exhausted, unless preserved in the mode authorized by statute.
 
 (White
 
 v.
 
 White,
 
 130 Cal. 597, 599 [80 Am. St. Rep. 150, 62 Pac. 1062].) The court, in the present case, made no provision for further action in order to furnish any other or additional relief. The order now sought by petitioner’s former wife is not designed to carry into effect the decree rendered, and, if granted, would be a mere nullity.
 
 (Barry
 
 v.
 
 Superior Court,
 
 91 Cal. 486 [27 Pac. 763].)
 

 The contention that prohibition is not the proper remedy in this case is answered by the fact that this petitioner appeared in the trial court in answer to the order to show cause, and objected to the making of any order therein on the ground that the court was without jurisdiction in the' matter.
 

 Two authorities strongly relied on by the respondents may be distinguished as not applicable to the cause here, for the orders there under consideration were not made after the judgments providing for alimony had been fully executed, as in this case. In
 
 Smith
 
 v.
 
 Superior Court,
 
 89 Cal. App. 177 [264 Pac. 573], the application for a modification of the order for payment of alimony concerned a provision in the interlocutory decree, and before the final decree was entered. The court there, of course, had jurisdiction. In
 
 Bechtel
 
 v.
 
 Bechtel,
 
 124 Cal. App. 617 [12 Pac. (2d) 970], the court granted an interlocutory decree of divorce to the plaintiff and, among other things, provided that the defendant should pay as permanent alimony the sum of one hundred and fifty dollars a month, commencing on a fixed date, for the period of five years, when the payments should cease. The plaintiff appealed from portions of the decree, among other matters claiming that the court, by limiting the alimony payments to the period mentioned, abused its discretion, and asked that the error be corrected on the appeal. The decree was affirmed, but, in discussing the case, and without even referring to the period of limitation, the court held that the lower court might modify its order (for alimony) by requiring, if necessary, suitable payments to be made after expiration of the five-year period, notwithstanding the limitation contained in
 
 *99
 
 the decree. The question of whether or not such modification might be made after the termination of the five-year period was not considered.
 

 Let a writ of prohibition issue as prayed for, restraining the respondent court from proceeding further in the matter of the application for modification of the order providing for alimony.
 

 Edmonds, J., Curtis, J., Langdon, J., Shenk, J., and Seawell, J., concurred.