[S. F. No. 15969.   Department Two.—February 19, 1941.]

## LOUIS A. LONG, Respondent, v. MARGARET C. LONG, Appellant.

David M. Burnett and John M. Burnett for Appellant.

Henry E. Monroe and Henriette W. Steinegger for Respondent.

TRAYNOR, J.—On January 7, 1930, the Superior Court of Santa Clara County awarded appellant Margaret C. Long an interlocutory decree of divorce against respondent Louis A. Long directing him to pay appellant $50 a month alimony for the six months from February 5, 1930, to and including July 5, 1930.   This alimony was duly paid.   The final decree of divorce, entered on March 30, 1931, neither awarded alimony to appellant nor reserved to the court jurisdiction thereafter to make an allowance for appellant's support. On November 10, 1931, on application of appellant supported by an affidavit averring that because of injury she was no longer able to support herself, the court after a hearing made an order modifying the interlocutory decree of divorce by requiring respondent to pay $50 a month alimony thenceforth until further order of the court.   On December 20,

1935, the court entered an order granting respondent's motion to set aside the order of November 10, 1931, upon the ground that the attempt to modify the interlocutory decree of January 7, 1930, was without jurisdiction and void. The present appeal is taken from this order.

Section 139 of the Civil Code provides: "Where a divorce is granted for an offense of the husband, the Court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the Court may deem just, having regard to the circumstances of the parties respectively; and the Court may from time to time modify its order in these respects." ▮ Appellant, relying on *Smith* v. *Superior Court*, 89 Cal. App. 177 [264 Pac. 573], and *Bechtel* v. *Bechtel*, 124 Cal. App. 617 [12 Pac. (2d) 970], contends that the above section confers on the court an express power to modify an alimony decree even though the alimony was awarded for a limited time, which has expired, and the decree did not contain a reservation of jurisdiction.

This contention is answered adversely and the authorities relied on are distinguished in *Tolle* v. *Superior Court*, 10 Cal. (2d) 95 [73 Pac. (2d) 607], which holds that if the court provides for alimony payments for a definite term without reserving the right to change or modify the term, the court has no power to make further allowance for the wife's support after such alimony has been paid and the final decree has been entered.

The order is affirmed.

Curtis, J., and Houser, J., concurred.