[Sac. No. 5736. In Bank. Sept. 11, 1946.]

M. H. KRIER, Respondent, v. LILLIAN KRIER, Appellant.

Ira B. Langdon for Appellant.

Gumpert & Mazzera and J. Calvert Snyder for Respondent.

GIBSON, C. J.—Prior to his marriage to defendant in 1929 plaintiff purchased 20 acres of farm land. During the marriage $1,000 of community funds were expended in improving the property. The parties separated in 1942, and Mrs. Krier continued to reside on the land.

On May 18, 1943, Mrs. Krier recorded a declaration of homestead on the property and later on the same day she filed an action for separate maintenance. In her complaint in that action she made no reference to the declaration of homestead she had previously filed on the property. Instead, she alleged that the parties were "possessed of certain community property, consisting of a community interest" in the land above mentioned, and prayed for judgment "awarding her all of the community property hereinbefore described." During the trial of the separate maintenance action Mrs. Krier likewise made no reference or claim to any homestead interest in the property, basing her right thereto solely on the alleged community interest. Judgment was entered in September, 1943, granting separate maintenance to Mrs. Krier, directing Mr. Krier to pay her $75 a month for the support of herself and a minor child, and awarding her one-half of the community property, i. e., one-half of the value of the improvements made with community funds. The judgment in that action has long since become final. Mr. Krier thereafter procured a decree of divorce in Nevada. No disposition of the property was attempted in the Nevada action.

Later, in June, 1944, Mr. Krier brought this action against Mrs. Krier for partition of the property alleging that he was the owner and entitled to its possession as his sole and separate property subject only to the interest (one-half of the value of the improvements made thereon with community funds) created in Mrs. Krier by the prior decree of separate maintenance. She answered and cross-complained, setting up for the first time a homestead interest in the property based

on the declaration filed by her prior to commencement of the separate maintenance action but, as stated, not advanced by her during any stage of that proceeding.

It. was found and concluded herein that the decree in the separate maintenance action is res judicata of Mrs. Krier's interest in the property, including the homestead interest. Physical partition being impracticable, the court ordered the property sold and, in accordance with the prior decree of separate maintenance, awarded Mrs. Krier one-half of the value of the improvements made with community funds. She has appealed and contends that the court erred in holding that she is barred by the prior judgment from now claiming a homestead interest in the property.

Section 137 of the Civil Code provides that in granting a wife permanent support and maintenance, the court ''shall make the same disposition of the community property *and of the homestead,* if any, as would have been made if the marriage had been dissolved. . . .'' (Italics added.) (See Civ. Code, § 146, with respect to the manner of disposition of a homestead.)

In the prior separate maintenance action Mrs. Krier sought and procured an adjudication with respect to her interest in the property. She here seeks a second adjudication relative to her interest in the same property. It is settled, however, that a judgment in a prior action between the same parties on the identical cause of action is res judicata, and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved. (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636 [134 P.2d 242] ; *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892] ; see *Todhunter* v. *Smith,* 219 Cal. 690 [28 P.2d 916] ; Rest., Judgments, § 63, comment (a) ; 2 Freeman on Judgments (5th ed.) § 676, p. 1425.) And even though the causes of action be different, the prior determination of an issue is conclusive in a subsequent suit between the same parties as to that issue and every matter which might have been urged to sustain or defeat its determination. (*Sutphin* v. *Speik,* 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497] ; see *Price* v. *Sixth Dist. Agri. Assn.,* 201 Cal. 502 [258 P. 387] ; 2 Freeman on Judgments, § 677, p. 1429.)

Having claimed the property in the prior action solely as community property and having procured a decree therein based on its character as such, Mrs. Krier is precluded from

seeking in this later action another award thereof based on an entirely different interest (homestead or otherwise) existing, but unclaimed, at the time of the earlier adjudication. Under the circumstances, she was required to advance her entire interest, whether community or homestead, or both, in order to permit the court to make an effective and complete adjudication of the respective interests of the parties. (*Cf. Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312, 318 [260 P. 545].) Not having done so, she cannot relitigate the matter, whether it be held that the two suits involved the same cause of action insofar as they concerned her interest in the property, or merely involved a common issue as to her interest in the property.

The separate maintenance suit placed in issue the interests of the parties in particular property, and the court having determined the issue, the judgment on the merits is conclusive.

The judgment is affirmed.

Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I concur in the decision herein but wish to point out the inconsistency between it and *Monroe* v. *Superior Court, ante,* p. 427 [170 P.2d 473], in which I dissented. In the Monroe case the issue was whether a decree in an action for separate maintenance determining the issue of future *support,* the amount, or duration thereof, was res judicata and hence foreclosed a subsequent modification of the decree. The majority opinion in that case held that it was not. In the case at bar the problem is whether a decree in a separate maintenance action determining *property rights* is res judicata in a subsequent proceeding involving the same property. The majority of this court holds that it is. The only difference between these cases is that the first involves the right to support and the second the right to property. There is no reason why the rule should not be the same in both cases. If it is res judicata in the case of property, and it is so held in the case at bar, it should also be res judicata where a support allowance is involved. I pointed out in my dissenting opinion in the Monroe case that the same rules should apply in separate maintenance actions as in divorce actions; in the latter the decree is res judicata whether the issue involves support or property. (*Puckett* v. *Puckett,* 21 Cal.2d 833 [136 P.2d 1]; *Long* v. *Long,* 17 Cal.2d 409 [110 P.2d 383]; *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607].)

In the instant case reliance is placed upon section 137 of

the Civil Code which authorizes the court in a separate maintenance action to make the same disposition of community and homesteaded property as it may make in a divorce action. But in the case of *support the same power exists in both types of actions.* Section 137 of the Civil Code, after providing for separate maintenance actions, and support and disposition of property therein, states: "The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court." Likewise in dealing with support in a divorce action the law provides: "And the court may from time to time modify its orders in these respects." (Civ. Code, § 139.) Yet the rule has been established that a support determination in a divorce case may be res judicata and beyond the power of the court to modify. (*Tolle* v. *Superior Court, supra.*) The same rule should apply whether it is a property or support right involved. The only reason for making special reference in section 137 to disposition of property interests in separate maintenance actions is the possibility that such determination might not be appropriate inasmuch as the marriage is not dissolved. It was not necessary to mention support rights as that would be taken for granted, being the heart of separate maintenance actions. Hence it was not intended that an adjudication as to property would be final but one as to support would not be.

It is just as important for the parties involved as well as society as a whole that the decree be final in either case. It places them in a position where they may intelligently plan their economic future. There is as much danger (assuming but not granting there is any) that a lack of finality in property rights will in the future burden society with an impoverished wife as there is where support rights are concerned.

There is clearly no sound basis in principle or legal theory for a distinction between this case and the Monroe case, and the rule should be the same in both cases. Since a majority of this court has now held that the award of property in this case is a final determination, and res judicata, and beyond the power of the court to modify, the Monroe case should be expressly overruled to avoid the conflict and confusion which will exist by leaving that case go unmentioned in the majority opinion in this case.

Schauer, J., concurred.