[L. A. No. 20895. In Bank. Sept. 30, 1949.]

RICHARD EDWARD REEVES, Respondent, v. ANNABELLE REEVES, Appellant.

Edward Raiden for Appellant.

Melanie Dynner for Respondent.

CARTER, J.—Plaintiff husband commenced an action for a divorce from his 19-year-old wife in May, 1948, and personal service was had upon her in Nevada. She having failed to appear, default was entered and an interlocutory decree of divorce for plaintiff was entered on July 16, 1948, in which the custody of the minor children was awarded to plaintiff. No notice of such entry was served. On July 23, 1948, defendant filed a notice of motion to vacate the interlocutory decree under section 473 of the Code of Civil Procedure on the ground that the default was due to accident and mistake.

That motion was denied by order dated July 29, 1948, and entered August 12, 1948, hereinafter referred to as first order. On August 21, 1948, defendant filed a notice of appeal from that order, hereinafter referred to as first appeal. On August 30, 1948, defendant filed a notice of intention to move for a new trial. That motion was denied by minute order (referred to as second order), entered on October 29, 1948. It is not clear, but the clerk's supplemental record recites that a motion to vacate the decree was filed on August 30, 1948, and denied on September 30, 1948, but no papers showing such motion or order appear in the record. It is also there recited that a memorandum decision and order was filed on October 4, 1948 (referred to as third order), denying defendant's motion for attorney's fees and costs on appeal, and that a notice of appeal therefrom was filed on November 19, 1948, referred to as second appeal. On November 5, 1948, defendant filed a notice of appeal from the decree and the order denying a new trial, referred to as third appeal.

While the foregoing proceedings were pending, defendant went to Nevada, taking the children with her, and obtained, on July 23, 1948, a final decree of divorce there, and has remarried.

Motions were made by plaintiff in the District Court of Appeal when this case was pending there to dismiss the appeals for failure to make timely arrangements for the preparation of the records on appeal, and time to prepare the records was granted. It appears that the records on the respective appeals are now before this court.

██ Turning first to that part of the third appeal which embraces an appeal from the order denying a new trial, such appeal must be dismissed inasmuch as no appeal lies from an order denying a motion for a new trial. (2 Cal.Jur. 174.)

██ Further considering the third appeal, that part of it which is from the decree, we find that such appeal must be dismissed for it was not timely filed. It will be recalled that the decree was entered on July 16, 1948, and the notice of appeal was filed on November 5, 1948. Under the Rules on Appeal, the time to appeal therefrom would expire 60 days after entry of the decree, or on September 14, 1948 (Rules on Appeal, rule 2(a)), unless that time was extended by either a valid motion for a new trial or a motion to vacate the decree. (Rules on Appeal, rules 2(a), 3(a), and 3(b).) First, we have the motion to vacate under section 473 of the Code of Civil Procedure which was timely made, but the

order (first order) denying it was entered on August 12, 1948. Rule 3(b) reads, in part: ''When a motion to vacate a judgment or to vacate a judgment and enter another and different judgment is made by any party on any ground within 60 days after entry of judgment, (1) if the motion is denied or not decided by the superior court within 120 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or 120 days after entry of the judgment, whichever shall be less; . . .'' Hence that motion to vacate would not extend the time to appeal beyond September 11, 1948, or 30 days after the entry of the order denying the motion to vacate. The motion to vacate that was apparently made in August, 1948, does not save the appeal for it was denied on September 8, 1948, and would not extend the time to appeal beyond October 8, 1948. Assuming that the denial of the new trial was timely, and, therefore, would extend the time beyond November 5, 1948 (Rules on Appeal, rule 3(a); *Mellin* v. *Trousdell,* 33 Cal.2d 858 [205 P.2d 1036]), there still remains the question whether such motion in this case could operate to extend the time for appeal. It has been held that: ''A motion for a new trial is not an appropriate proceeding to review the action of the court in giving judgment in a case where there has been no trial upon issues of fact. (Hayne on New Trial and Appeal, sec. 443; *Savings etc. Soc.* v. *Meeks,* 66 Cal. 371 [5 P. 624]; *Gregory* v. *Gregory,* 102 Cal. 50 [36 P. 364]; *In re Heldt,* 98 Cal. 553 [33 P. 549].)

''In this case there was no such trial, the judgment being by default against both defendants. . . . In such a case there is no office to be subserved by a new trial. A new trial is 'a re-examination of an issue of fact.' (Code Civ. Proc., sec. 656); and, unless such an issue has been raised and tried, there is nothing which can be reviewed by this method.

''While appellants concede this to be the law in actions other than for divorce, they contend that in the latter class of cases there is always of necessity a trial of issues of fact; that the law raises such issues whether the defendant answers or not. But this is a misapprehension of the effect of the statute. The code does provide that no divorce can be granted upon the mere default of the defendant, but that the court shall in all cases 'require proof of the facts alleged' before granting relief. (Civ. Code, sec. 130.) But the effect of that provision is not to raise 'issues of fact,' nor to constitute the

taking of proof submitted by the plaintiff in cases where the defendant has not answered a 'trial,' as those terms are used in the provisions relating to new trials. Such an issue arises only where a material averment of fact is made on the one side and is controverted upon the other (Code Civ. Proc., secs. 588, 590); and the 're-examination' provided for in section 656 is where there has been a trial of such an issue.

"The provision of the Civil Code merely declares the policy of the law to be that in divorce cases, whether the defendant suffer default or not, the relief shall not be granted until the facts upon which it is sought are established by proof. In such an instance, however, as in any other where the defendant makes default and suffers judgment upon a mere *ex parte* showing, his remedy in seeking relief from the judgment is under section 473 of the Code of Civil Procedure, and not by motion for a new trial. (Hayne on New Trial and Appeal, sec. 9, and cases above cited.)

"The attempted proceedings for a new trial were, therefore, wholly nugatory and cannot be reviewed." (*Foley* v. *Foley*, 120 Cal. 33, 36-37 [52 P. 122, 65 Am.St.Rep. 147]; see, also, *Abbey Land etc. Co.* v. *San Mateo*, 167 Cal. 434 [139 P. 1068, Ann.Cas. 1915C 804, 52 L.R.A. N.S. 408]; *Younger* v. *Moore*, 8 Cal.App. 237 [96 P. 1093]; *Crackel* v. *Crackel*, 17 Cal.App. 600 [121 P. 295]; *Rinaldo* v. *Superior Court*, 15 Cal.App.2d 585 [59 P.2d 868]; *Rehfuss* v. *Rehfuss*, 169 Cal. 86, 91 [145 P. 1020].) *Perkins* v. *Perkins*, 29 Cal. App. 68 [154 P. 483], and *Nelson* v. *Nelson*, 18 Cal.App. 602 [123 P. 1099], seemingly to the contrary, were disapproved in *Waldecker* v. *Waldecker*, 178 Cal. 566 [174 P. 36] (see *Bilger* v. *Bilger*, 54 Cal.App.2d 739 [129 P.2d 752].) As above seen, in order for a motion for a new trial to extend the time for appeal, it must be valid. (Rules on Appeal, rule 3(a).) And where new trial proceedings are unauthorized, they do not toll the running of the appeal time. (Appeal from judgment of dismissal of action without trial on facts, *Confar* v. *Whelan*, 8 Cal.App.2d 101 [46 P.2d 991]; *Hotel Park Cent., Inc.* v. *Security-First Nat. Bk.*, 15 Cal.App.2d 293 [59 P.2d 606]; *Lynch v. Watson*, 69 Cal.App.2d 51 [158 P.2d 250]; *City of Pasadena* v. *Grace*, 114 Cal.App. 24 [299 P. 565]. See *Gray* v. *Cotton*, 174 Cal. 256 [162 P. 1019]; *City of Pasadena* v. *Superior Court*, 212 Cal. 309 [298 P. 968].) It follows, therefore, that the attempted new trial proceedings did not toll the time to appeal from the decree.

■ Considering the first appeal, it appears that defendant by the affidavit of Edward Raiden, her attorney, in support of the motion to vacate and set aside the decree under section 473 of the Code of Civil Procedure, stated that there was a discussion between him and Melanie Dynner, counsel for plaintiff, concerning the pending action in California, and the action of defendant in Nevada; that he intended to appear in the California action for defendant and to rely on the Nevada divorce decree, to which Miss Dynner replied that she would get a California decree first, followed by a discussion as to the time she could obtain it, in view of substituted service of process; that thereafter default was entered due to his mistake as to a 1947 change in the law shortening the time within which a default could be entered. In opposition to such showing are affidavits of Miss Dynner and plaintiff and exhibits from which it appears that no request was made by Raiden for additional time to plead in the action; that she (Miss Dynner) refused his request for a waiver of service in the Nevada action; that Raiden did not say he intended to appear in the California action; that "she (Miss Dynner) informed Edward Raiden that she fully intended to proceed in accordance with the present law and that she was convinced the California Interlocutory decree could lawfully and properly be entered before the Nevada time would elapse, and that she put Edward Raiden on definite notice thereof; and affiant further alleges she asked Edward Raiden if he represented defendant to file an appearance or submit to the jurisdiction by a property settlement agreement referring particularly to the children being in California and not being removed therefrom without plaintiff's consent, but that he refused to do so; . . .

"Affiant denies that the default occurred only as a result of Edward Raiden's alleged mistake as to the time defendant had to answer; in this connection alleging that at all times he knew affiant would proceed with whatever diligence the law would allow for the protection and preservation of plaintiff's case, and that the default occurred because defendant failed and refused to make any appearance therein, in the fond expectation that the Nevada decree could be obtained first and then attempt to debar the California action; that there was no mistake as to fact or law to justify the motion to set aside the valid decree of the Court herein or the granting thereof."

In denying the motion for relief from default, the court

could accept plaintiff's version of the circumstances and reject that of defendant. The resultant facts are that neither defendant nor her attorney were misled in any particular and that counsel was advised that a default would be taken as soon as the law would permit. We have left, therefore, nothing more than Raiden's professed ignorance of the law as to the expiration of the time to appear. Such ignorance of the law, standing alone, is ordinarily insufficient to justify granting of relief from default. (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385].) The matter rested in the discretion of the trial court, and under all the circumstances, we can find no abuse of discretion. The order (first order) denying relief under section 473 of the Code of Civil Procedure must, therefore, be affirmed.

■ Defendant was not in a position to demand attorney's fees and costs to prosecute her appeals, and, therefore, the denial of her request for them must be affirmed. All through her participation in the proceedings, she has maintained that she acquired a bona fide residence in Nevada and obtained an absolute decree of divorce there. It has been held that there must be a marriage before temporary alimony, attorneys' fees, and costs may be awarded. (*Colbert* v. *Colbert,* 28 Cal.2d 276 [169 P.2d 233].) Whether or not the Nevada decree is valid, she is not in a position to question it for it was of her own doing and she has relied upon it by remarrying.

What may be the effect of the two decrees (California and Nevada), and their relation to each other, and which, if either, is controlling over the other, are not matters presented in the proceedings here involved, inasmuch as such matters are not before this court. The issue is solely whether the trial court abused its discretion in refusing to set aside the default decree on the grounds stated and the right to suit money on the appeals.

The first order (denying relief under section 473 of the Code of Civil Procedure) is affirmed; the appeals from the decree and order denying a new trial are dismissed; and the third order (denying suit money on appeals) is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied October 27, 1949.