[L. A. No. 26110.   In Bank.   Feb. 3, 1961.]

DORIS S. SEE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CHARLES B. SEE, Real Party in Interest.

Wright, Wright, Goldwater & Mack, John H. Rice, George I. Devor and Justin Gray for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Crowley & Rhoden and Harold Rhoden for Real Party in Interest.

TRAYNOR, J.—Doris S. See and Charles See were married in 1942 and divorced in 1960. On March 14, 1959, they executed an integrated property settlement agreement dividing their property and providing for child support and monthly payments in lieu of alimony. The agreement was incorporated in the interlocutory decree. The final decree was entered on April 27, 1960. On June 27, 1960, Doris filed an amended complaint in an independent suit in equity to vacate the parts of the decree incorporating the agreement. She also sought temporary alimony, child support, and suit money.

The trial court denied the temporary relief on the ground that it had no power to make the orders requested. Doris seeks a writ of mandate to the trial court to hear her motions for temporary alimony, child support, and suit money.

Charles invokes the rule that temporary alimony cannot be granted unless there is evidence of an existing marriage (*Reeves* v. *Reeves,* 34 Cal.2d 355, 361 [209 P.2d 937] ; *Colbert* v. *Colbert,* 28 Cal.2d 276, 279 [169 P.2d 633]) and the rule that alimony cannot be granted after a marriage has been dissolved in this state by a court that had jurisdiction over both spouses. (*Long* v. *Long,* 17 Cal.2d 409, 410 [110 P.2d 383] ; *Tolle* v. *Superior Court,* 10 Cal.2d 95, 97-98 [73 P.2d 607] ; *Hudson* v. *Hudson,* 52 Cal.2d 735, 744 [344 P.2d 295].) He contends that these rules are controlling here, since Doris attacks only the property provisions of the decree and does not attack the final divorce.

It is true in the present case that the marriage no longer exists. The cases requiring marriage as a prerequisite for alimony and those denying alimony after a final decree of divorce did not involve a dispute over the validity of the property provisions of a divorce decree. In *Reeves* v. *Reeves,* 34 Cal.2d 355 [209 P.2d 937], and *Colbert* v. *Colbert,* 28 Cal. 2d 276 [169 P.2d 633], the question was whether an action in which alimony was requested for the first time is barred when there is no existing marriage. In *Long* v. *Long,* 17 Cal. 2d 409 [110 P.2d 383], and *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607], the question was whether new actions for alimony can be maintained subsequent to undisputed decrees settling property and support rights. There is no merit in the contention that *Hull* v. *Superior Court,* 54 Cal.2d 139, 145 [5 Cal.Rptr. 1, 352 P.2d 161], overruled these cases. In Hull we merely held that entry of the final decree could not be refused because the husband had not fulfilled his obligations under an integrated property settlement incorporated in the interlocutory decree.

Temporary alimony and suit money may be granted, however, "[d]uring the pendency of any action for divorce or for separate maintenance" (Civ. Code, §§ 137.2 and 137.3), and the crucial question in this case is whether an action for divorce is pending within the meaning of those sections. The quoted language was taken from former Civil Code section 137. "It was settled under section 137 that the phrase therein, 'when an action for divorce is pending,' embraced many diverse proceedings growing out of the divorce action and arising after entry of the final decree." (*Lerner* v. *Superior*

*Court,* 38 Cal.2d 676, 685 [242 P.2d 321].) Temporary relief has been allowed under sections 137.2 and 137.3 in numerous cases in which a former spouse has sought to have a decree interpreted, modified, or enforced even though the marriage has been dissolved. Thus, in *Lerner* v. *Superior Court,* 38 Cal.2d 676, 685-686 [242 P.2d 321], temporary relief was granted after divorce in a proceeding growing out of a motion for modification of the child custody provisions of the divorce decree. Temporary relief has been granted in a proceeding to modify the alimony provisions of a divorce decree (*Lamborn* v. *Lamborn,* 190 Cal. 794, 795-796 [214 P. 862]); and has been granted where the court did not have jurisdiction to modify the decree, but was merely interpreting or enforcing it. (*Kohn* v. *Kohn,* 95 Cal.App.2d 722, 723 [214 P.2d 80].) It has also been granted where the wife sought a writ of mandate to have judgment entered for a deficiency in alimony payments (*Parker* v. *Parker,* 22 Cal.App.2d 139, 141-142 [70 P.2d 1003]); and where the relief sought was vacation of the entire divorce decree. (*Grannis* v. *Superior Court,* 143 Cal. 630, 632-633 [77 P. 647]; *Fisher* v. *Superior Court,* 110 Cal. App. 565, 566-567 [294 P. 445].) Since the present proceeding is also an attack on the divorce decree, temporary relief may likewise be granted under sections 137.2 and 137.3, and it is immaterial that the decree is attacked only with respect to its property provisions. It is also immaterial that the attack is by an independent action rather than by a motion in the divorce proceedings. (*Foy* v. *Foy,* 23 Cal.App.2d 543, 546 [73 P.2d 618].)

Let the peremptory writ of mandate issue.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.