[Civ. No. 294. Fifth Dist. Jan. 30, 1964.]

LOIS C. HOPPER, Plaintiff and Appellant, v. FRANK A. HOPPER, Defendant and Respondent.

C. Ray Robinson and Jonathan H. Rowell for Plaintiff and Appellant.

Young, Wooldridge, Paulden & Self and John B. Young for Defendant and Respondent.

STONE, J.—This appeal is from a judgment entered following order sustaining a demurrer without leave to amend.

Plaintiff and defendant were married in 1941. During 19 years of marriage they had three children and accumulated a substantial amount of community property. The family relationship deteriorated during the latter years of the marriage and culminated in a property settlement agreement executed November 22, 1960, followed by plaintiff's interlocutory decree of divorce from defendant by default, on December 19, 1960. A final decree of divorce was entered January 4, 1962.

It is the property settlement agreement that plaintiff seeks to attack by this action, alleging that for some time before entering into the property settlement agreement she was mentally ill, distraught and incapable of protecting her own interests, that defendant by coercion and fraudulent statements overreached her, so that she received substantially less than a fair share of the community property. She also alleges that defendant directed her to see an attorney named by him and not of her own choosing, and she did not have the advice of an attorney looking to her best interests during the property settlement negotiations nor in the default divorce action.

Defendant demurred to the complaint upon the ground that it failed to state a cause of action, urging res judicata. Defendant argued in the trial court, as here, that the property settlement agreement merged with the interlocutory decree of divorce so that the terms of the agreement became part of the judgment of divorce. From this it is argued that the property settlement agreement cannot be attacked by this action in equity, for the same reasons a judgment cannot be collaterally attacked. This argument presupposes that the attack is based upon intrinsic fraud.

At the outset, it is necessary to note that we must accept the allegations of the complaint as true, since this is an appeal from a judgment sustaining a demurrer to the complaint without leave to amend. (*Gressley* v. *Williams*, 193 Cal.App.2d 636, 638-639 [14 Cal.Rptr. 496] ; *Stigall* v. *City of Taft*, 58 Cal.2d 565, 567 [25 Cal.Rptr. 441, 375 P.2d 289].)

Viewing the complaint in this light, it is immaterial whether the property settlement agreement was merged with the interlocutory decree of divorce, for the complaint alleges facts constituting extrinsic fraud. The presupposition that intrinsic fraud only is pleaded does not square with the authorities on the subject. The landmark case, *United*

*States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93], determined that fraud perpetrated by a party or by his attorney is extrinsic if it prevents the other party from having his day in court. ▆▆▆ It follows that if fraud is extrinsic, it provides a ground upon which a judgment may be collaterally attacked.

The doctrine of the *Throckmorton* case has been applied to divorce actions in California. *Martin* v. *Martin*, 110 Cal.App. 2d 228 [242 P.2d 688], parallels the facts of the case before us in that there a property settlement agreement was attacked upon the ground of fraud. The court held that relief may be granted if the party seeking it was precluded by fraud or the mistake of the other party from participating in the proceeding or from fully presenting his case. (Accord: *Protopappas* v. *Protopappas*, 213 Cal.App.2d 659, 663 [28 Cal. Rptr. 884].)

Numerous California authorities hold that fraudulent misrepresentation of community assets by a husband constitutes extrinsic fraud if the wife is thereby prevented from getting her fair share of such property. (*Jorgensen* v. *Jorgensen*, 32 Cal.2d 13 [193 P.2d 728]; *Vai* v. *Bank of America*, 56 Cal.2d 329 [15 Cal.Rptr. 71, 364 P.2d 247].)

▆▆▆ Plaintiff's allegations of fraud and harassment by defendant, coupled with the allegations that defendant malevolently aggravated her mental illness in order to overcome her will, and that he was successful in doing so, brings the pleading within the rationale of *United States* v. *Throckmorton, supra; Martin* v. *Martin, supra*; and *Jorgensen* v. *Jorgensen, supra*. In addition, we have the allegation that defendant used his power and control over plaintiff to direct her to an attorney named by him and not one of her own choosing. The courts of this state have held that acts of a litigant or his counsel which deprive an adversary litigant of sincere advocacy, a fair hearing, and from presenting his case fully, constitute extrinsic, not intrinsic, fraud. (*Wellman* v. *Security-First Nat. Bank*, 108 Cal.App.2d 254 [238 P.2d 679]; *Martin* v. *Martin, supra; Protopappas* v. *Protopappas, supra*.)

Defendant points out that the complaint is inartfully drawn and that it should be amended in a number of particulars if plaintiff is allowed to pursue a collateral attack on the judgment. We cannot disagree with this contention. However, we are not here concerned with the uncertainties in the complaint, but, rather, whether it was proper to sustain the demurrer without leave to amend.

The trial court decided the demurrer solely on the legal issue of res judicata, since the minute order sustaining the demurrer without leave to amend carries the notation: "Matter is res judicata."

It is apparent from the pleadings that plaintiff can state a cause of action if allowed to amend her complaint, and she should be given that opportunity.

When presented with a similar situation in *Wennerholm* v. *Stanford University Sch. of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], the Supreme Court held at page 720: ". . . it was an abuse of discretion for the trial court to sustain the demurrer without leave to amend. We do not decide, however, that the complaint was not subject to special demurrer, and the trial court may in its discretion require the clarification of uncertainties or ambiguities in the complaint." So, here.

The judgment is reversed.

Conley, P. J., and Brown (R.M.), J., concurred.