[Civ. No. 27987.   Second Dist., Div. Four.   Sept. 14, 1964.]

CLARIBEL C. COFFELT, Plaintiff and Appellant, v. R. WENDELL COFFELT, Defendant and Respondent.

S. L. Kurland and Allan F. Grossman for Plaintiff and Appellant.

Marlan Proctor and Charles C. Montgomery, Jr., for Defendant and Respondent.

JEFFERSON, J.—This is an appeal from a judgment entered after a demurrer to plaintiff's first amended complaint was sustained without leave to amend.

The original complaint in this action, filed on October 15,

1958, was entitled ''Complaint to rescind property settlement agreement, for support and maintenance, attorneys' fees and other relief.'' In substance, the original complaint alleged the following facts: Plaintiff and defendant were married on November 7, 1936, and divorced on April 28, 1953. Prior to the divorce the parties entered into a property settlement agreement by which the plaintiff wife waived all of her rights to alimony. The property settlement agreement was subsequently approved by the court in the judgment of divorce granted to plaintiff. Neither the interlocutory nor the final decree contained any provision for alimony.

The complaint further alleged that throughout the marriage of the parties, defendant, a licensed physician and surgeon engaged in the practice of medicine, was the sole doctor of the plaintiff. When, prior to April 5, 1952, plaintiff's right hand became numb, defendant advised her that it was the result of a nervous condition arising out of their domestic difficulties and that the hand would return to its normal condition if she signed the property settlement agreement. At this time plaintiff was also losing weight and was unable to sleep. Defendant represented that this was not due to any organic illness or disability but was solely due to her domestic problems. Defendant further told her that she was ''in perfect physical condition and only suffering from a slight case of nerves,'' and that she could, without any fear, relinquish her right to support. Plaintiff never had any training or education in medicine or surgery and never had any independent medical advice. In reliance on these representations plaintiff executed the property settlement agreement and waived her right to alimony. In truth and in fact, plaintiff, at the time of the signing of the property settlement agreement, was suffering from multiple sclerosis, of which she was totally unaware, but defendant was aware of the nature and character of her illness and his statements to her that her nervousness, loss of the use of her hand, inability to sleep and loss of weight, were the result of domestic difficulties and not connected with any organic illness or disease, were made by him fraudulently and falsely, with the intention of inducing her to sign the property settlement agreement and to waive her right to alimony; that at the time of making these representations, defendant knew plaintiff had multiple sclerosis and knew that she would become progressively more incapacitated and eventually would become totally incapacitated and confined to a wheel chair, having lost the ability

to move or manipulate her arms or legs, and would thus be totally unable to secure any employment.

By other allegations it is asserted that plaintiff is afflicted with multiple sclerosis and is totally incapacitated from any type of employment or vocation; that promptly upon the discovery of this fact plaintiff advised defendant in writing that the property settlement agreement was based upon fraudulent representations; that, immediately thereafter, plaintiff sent defendant a written notice of rescission. It was further alleged that the agreement was without consideration, being based solely on plaintiff's reliance upon defendant's representations; that at the time she signed the agreement she had been married 16 years to defendant and that she relied upon his advice and representations and reposed trust and confidence in him. Plaintiff, according to the complaint, is totally incapacitated, confined to a wheelchair, and is without sufficient funds to maintain herself. Defendant, on the other hand, is earning in excess of $60,000 a year, and has a net worth in excess of $250,000.

Defendant filed an answer, and later, an amended answer, to plaintiff's complaint, alleging, among other defenses, that plaintiff's right to proceed was barred by the statute of limitations.

On May 28, 1963, with permission of the court, plaintiff filed an amended complaint, which, in content, was almost identical to the original complaint, except for the caption and the prayer. The amended complaint, in its caption, reads: "Complaint to set aside judgment of divorce on the ground of extrinsic fraud; for support and maintenance; attorney's fees; and other relief."

Defendant demurred generally to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action; also, on the grounds that the cause of action was barred by the statute of limitations and laches; that it failed to allege facts showing damage to plaintiff; or facts indicating failure of consideration; or facts showing extrinsic fraud; or tender as prerequisite to rescission or to excuse nontender; or a timely rescission.

The trial court, without stating any grounds therefor,[1]

---

[1] Any error in the court's failure to state the specific grounds for its order sustaining the demurrer, as required by Code of Civil Procedure, section 472d, was waived by plaintiff's failure to call this irregularity to the court's attention, thus permitting a correction of the error. (*Mack v. Hugh W. Comstock Associates, Inc.,* 225 Cal.App.2d 583, 590 [37 Cal.Rptr. 466].)

sustained the demurrer without leave to amend.

At the outset it is to be noted that a judgment may be reopened or vacated in an equitable action for extrinsic fraud. (*Phillips* v. *Phillips*, 137 Cal.App.2d 651, 653 [290 P.2d 611]; *Giavocchini* v. *Bank of America*, 39 Cal.App.2d 444, 447 [103 P.2d 603].) Further, for the purpose of ruling on the demurrer, we must regard the allegations of the complaint as being true. (*Stigall* v. *City of Taft*, 58 Cal.2d 565, 567-568 [25 Cal.Rptr. 441, 375 P.2d 289].)

Plaintiff's pleading alleges facts constituting extrinsic fraud within the meaning of the principle stated in the landmark case of *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93], wherein the United States Supreme Court held, in effect, that fraud perpetrated by a party or by his attorney is extrinsic if it prevents the other party from having his day in court. Many California cases, similar in facts to the instant case, have held that where, as is here alleged, there has been a breach of duty arising out of a fiduciary or confidential relationship by virtue of the concealment of facts essential to the other party's rights, such breach of duty constitutes extrinsic fraud from which equity will grant relief, even as against a final judgment which was procured in whole or in part as the result of such breach. (*Taylor* v. *Taylor*, 192 Cal. 71, 79-80 [218 P. 756, 51 A.L.R. 1074]; *Vai* v. *Bank of America*, 56 Cal.2d 329 [15 Cal.Rptr. 71, 364 P.2d 247]; *Flores* v. *Arroyo*, 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263]; *Clark* v. *Clark*, 195 Cal.App.2d 373 [15 Cal. Rptr. 863]; *Hopper* v. *Hopper*, 224 Cal.App.2d 446 [36 Cal.Rptr. 767].)

The ground of general demurrer principally urged by defendant is that the cause of action is barred by the statute of limitations. Defendant bases this contention on two theories:

(1) He asserts that the plaintiff's amended complaint states a new and different cause of action from that stated in the original complaint; and

(2) It is barred by the statute of limitations.

As to the first, it is well established that ''Unless the amended complaint sets forth an entirely different cause of action from the original, . . . the amended complaint, for the purposes of the statute of limitations, must be deemed filed as of the date of the original complaint. [Citations.] The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so

long as recovery is sought in each complaint upon the same general set of facts. [Citations.] A mere change in legal theory will not subject the amended complaint to the bar of the statute of limitations. [Citations.]'' (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 717-718 [128 P.2d 522, 141 A.L.R. 1358]. See, also, *Haseltine* v. *Haseltine,* 203 Cal.App.2d 48, 55 [21 Cal.Rptr. 238].)

No new cause of action was stated in the case at bench. The facts alleged remained the same. A comparison of the original complaint with the amended complaint reveals that the only changes of substance were in the caption and the prayer. As stated in *Standard Brands of California* v. *Bryce,* 1 Cal.2d 718, 721 [37 P.2d 446], ''The subject matter of an action and the issues involved are determinable from the facts pleaded, rather than from the title or prayer for relief.'' (See, also, *Weber* v. *Superior Court,* 20 Cal.2d 144, 148 [156 P.2d 923].) To the same effect is *McDonough* v. *Waxman,* 103 Cal.App. 169 [284 P. 482], wherein the court held that the caption is not a part of the statement of a cause of action.

In his second contention defendant asserts that, even if plaintiff's amended complaint is deemed filed as of the date of her original complaint, plaintiff's action should nevertheless be barred by the statute of limitations, and, in particular, by Code of Civil Procedure, section 338, subdivision 4, because plaintiff has failed to plead facts explaining her delay of more than six years in discovering the alleged fraud.

The rules applicable to this issue were summed up in the recent case of *Wilson* v. *Wilson,* 199 Cal.App.2d 542, 544-545 [18 Cal.Rptr. 768], wherein the court stated: ''It is true that the three-year statute does not commence to run against an action for fraud or mistake until discovery thereof. [Citations.] But the burden is upon plaintiff to allege and prove facts which show the date and manner of such discovery.

''As it is often stated, plaintiff must plead facts to excuse the late discovery [Citations]. It is not sufficient merely to allege ignorance at one time and discovery at another [Citation]. Rather, the circumstances of the claimed discovery must be pleaded [citation], and it is then for the court to determine from such allegations whether the delay was excusable [Citation].

''While this rule is relaxed when a confidential relationship is involved [citation], the mere existence of such a relationship does not wholly eliminate the requirement that the circumstances of discovery must be pleaded. There must

be some showing that a reasonably material fact was not known to plaintiff at the time of the transaction and some showing of the means by which it was later discovered [Citation]." (*Wilson* v. *Wilson,* 199 Cal.App.2d 542, 544-545 [18 Cal.Rptr. 768]. See, also, *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412 [159 P.2d 958]; *Bainbridge* v. *Stoner,* 16 Cal.2d 423, 430 [106 P.2d 423]; Code Civ. Proc., § 338, subd. 4.)

In the instant case, plaintiff did not plead any facts relating to or explaining the delay in discovery of the alleged fraudulent representations. Plaintiff pleaded that she was "totally unaware" she was afflicted with multiple sclerosis; that defendant's representations as to her condition were false, and that she "discovered said fact in May of 1958." Holding similar allegations insufficient, the court, in *Bainbridge* v. *Stoner, supra,* 16 Cal.2d 423, 430, said: "The word discovery as used in the statute [Code Civ. Proc., § 338] is not synonymous with knowledge. And the court must determine, as a matter of law, when, under the facts pleaded, there was a discovery by the plaintiff, in the legal sense of that term. Consequently, an averment of lack of knowledge within the statutory period is not sufficient; . . ." The trial court, therefore, properly sustained defendant's demurrer to the amended complaint.

The remaining point to be determined is whether the trial court abused the discretion vested in it by failing to grant plaintiff leave to amend. It must be remembered that, as stated by our Supreme Court in *Lemoge Electric* v. *County of San Mateo,* 46 Cal.2d 659, 664 [297 P.2d 638], "In the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citations.]" Or, as was said in the recent case of *Covo* v. *Lobue,* 220 Cal.App. 2d 218, 221 [33 Cal.Rptr. 828], "Even where the defect is one of substance, a demurrer should not be sustained without leave to amend if there is a possibility that subsequent amendments will supply omitted allegations and the plaintiff has not had a fair opportunity to do so. [Citations.]" In accordance with these principles, plaintiff in the instant case should be given a reasonable opportunity to supply the missing allegations.[2]

---

[2]We do not regard the pleading before us as designed to secure the setting aside of the judgment attacked insofar as it terminated the

Accordingly, the judgment is reversed, and the trial court is directed to permit the amendment of plaintiff's complaint as she may be advised.

Burke, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied October 2, 1964, and respondent's petition for a hearing by the Supreme Court was denied November 10, 1964.

marriage relation, but only insofar as it dealt with the economic rights of plaintiff. The divorce decree is severable in this respect. (*Hudson* v. *Hudson,* 52 Cal.2d 735 [344 P.2d 295].)  Any uncertainty in this matter can easily be corrected in an amended pleading.