[Civ. No. 31935.    Second Dist., Div. Five.    Oct. 3, 1967.]

CLARIBEL C. COFFELT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; R. WENDELL COFFELT, Real Party in Interest.

S. L. Kurland and Allan F. Grossman for Petitioner.

No appearance for Respondent.

Charles C. Montgomery, Jr., and Marlan Proctor for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner seeks a writ of mandate commanding the respondent court to grant her motion for an order requiring the real party in interest to answer certain interrogatories.

This is another chapter in the litigious life of the parties to the action now pending in the respondent court. The original complaint in that action was filed October 15, 1958. In September 1964, this court reversed a judgment dismissing the action after a demurrer to petitioner's second amended complaint had been sustained without leave to amend. (*Coffelt* v. *Coffelt,* 229 Cal.App.2d 659 [40 Cal.Rptr. 513].) It appears from the opinion in that case just cited that the parties were divorced in April 1953. ''Prior to the divorce the parties entered into a property settlement agreement by which the plaintiff waived all of her rights to alimony. The property settlement agreement was subsequently approved by the court in the judgment of divorce granted to plaintiff. Neither the interlocutory nor the final decree contained any provision for alimony.'' In *Coffelt* v. *Coffelt, supra,* the court considered plaintiff's complaint as designed to secure the setting aside of the judgment only insofar as it dealt with her economic rights, on the ground that the property settlement agreement had been fraudulently obtained by defendant. The court held (pp. 664, 665) that the amended complaint sufficiently alleged facts constituting extrinsic fraud from which equity could grant relief, but that it did not sufficiently allege ''facts explaining her delay of more than six years in discovering the alleged fraud.'' The judgment was reversed with directions to the trial court to permit plaintiff to amend her complaint. The record before us shows that she did so, and that the action is now before the trial court on the third amended complaint.[1]

---

*Assigned by the Chairman of the Judicial Council.

[1]On July 6, 1967, the trial court denied a motion by defendant under Code of Civil Procedure, section 583, to dismiss the action on the ground that it had not been brought to trial within five years from the date it was commenced after excluding the time while the appeal was pending. The correctness of that ruling is not before us,

In March 1967 plaintiff served defendant with several interrogatories, as permitted by section 2030, Code of Civil Procedure. On June 1, 1967, the respondent court granted plaintiff's motion for an order requiring further responses to some of the interrogatories, but denied the motion with respect to interrogatories 20, 21, 22 and 23. By her present petition, plaintiff contends that the denial of her motion as to interrogatories 20, 21 and 22 constituted an abuse of the court's discretion. We agree.

Interrogatories 20, 21 and 22 read as follows: "20. State the gross and net income of defendant for each of the years 1964, 1965 and 1966. 21. State the average gross and average net income of defendant for the last ten years from all sources. 22. What is the net worth of defendant? (a) Have you given a financial statement in writing to any person, firm or corporation within the past five years? If so (1) To whom? (2) When? (3) As of what date? (4) Attach copies of all such statements to the Answers to these Interrogatories." The only question before us is whether defendant should be required to answer these interrogatories at this time. We think he should.

By her third amended complaint plaintiff seeks a judgment setting aside the divorce decree on the ground that the property settlement agreement was obtained by fraud. She also seeks a judgment requiring defendant to pay for her support and maintenance under section 139 of the Civil Code from April 1952. In opposing plaintiff's motion for an order requiring him to answer the three interrogatories quoted above, defendant contended that his income "is not in issue. The plaintiff must first prove that the defendant has any obligation to support her at all. To do this she must show extrinsic fraud. Unless she was actually deceived by the defendant's alleged intentional lies she cannot do so. And even were she to get that far, she is still barred by the statute of limitations, by laches and by estoppel. The private and confidential facts as to the defendant's financial condition should not be required to be published by these proceedings. At the proper time and in the event of the proper proof on the merits, then the financial condition of the defendant may be proper, but not prior to that time, and if that time arrives the defendant has the option of either furnishing the information requested or the plaintiff may be required to run her own audit. See CCP 2030(c). At best, defendant's financial condition is

merely incidental to the real issue.'' The authorities do not support this contention.

■ We note preliminarily that as a general rule discovery with respect to all triable issues of fact should be completed before the case goes to trial. This rule applies even though one issue may not be reached because of the determination of another issue adversely to the party seeking discovery. (*West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, fn. 4, p. 419 [15 Cal.Rptr. 119, 364 P.2d 295]; *Hauk* v. *Superior Court,* 61 Cal.2d 295 [38 Cal.Rptr. 345, 391 P.2d 825].) ■ To paraphrase the language of the court in *Hauk,* the issue here is whether it is within the discretion of the trial court to postpone defendant's answers relating to his income and net worth until plaintiff has first established that the property settlement agreement was obtained by fraud. For the reasons hereafter discussed, we have concluded that it was not within the discretion of the trial court to do so and that plaintiff is entitled to have the interrogatories answered at this time.

■ It is well settled, of course, that if a marriage has been dissolved in this state by a court having jurisdiction over both spouses, and a judgment containing no award for alimony has become final, the court has no jurisdiction thereafter to make an award for alimony. (*Long* v. *Long,* 17 Cal.2d 409, 410 [110 P.2d 383]; *Tolle* v. *Superior Court,* 10 Cal.2d 95, 97-98 [73 P.2d 607]; *Hudson* v. *Hudson,* 52 Cal.2d 735, 744 [344 P.2d 295].) This rule, however, is not dispositive of the case before us.

*See* v. *Superior Court,* 55 Cal.2d 279 [10 Cal.Rptr. 634, 359 P.2d 32], was a proceeding in mandate to compel the trial court to hear petitioner's motions for temporary alimony, child support and suit money in an independent suit in equity to vacate those parts of a final decree of divorce which incorporated a property settlement agreement which provided certain monthly payments in lieu of alimony. The trial court denied the temporary relief on the ground that it had no power to grant the requested orders. The Supreme Court rejected defendant's contention that the case was controlled by the rules stated in *Long* v. *Long, supra, Tolle* v. *Superior Court, supra,* and *Hudson* v. *Hudson, supra,* and granted a writ to compel the trial court to hear the motions. In doing so the court said: ''It is true in the present case that the marriage no longer exists. The cases requiring marriage as a prerequisite for alimony and those denying alimony after a final decree of divorce did not involve a dispute over the

validity of the property provisions of a divorce decree. In *Reeves* v. *Reeves*, 34 Cal.2d 355 [209 P.2d 937], and *Colbert* v. *Colbert*, 28 Cal.2d 276 [169 P.2d 633], the question was whether an action in which alimony was requested for the first time is barred when there is no existing marriage. In *Long* v. *Long*, 17 Cal.2d 409 [110 P.2d 383], and *Tolle* v. *Superior Court*, 10 Cal.2d 95 [73 P.2d 607], the question was whether new actions for alimony can be maintained subsequent to undisputed decrees settling property and support rights. There is no merit in the contention that *Hull* v. *Superior Court*, 54 Cal.2d 139, 145 [5 Cal.Rptr. 1, 352 P.2d 161], overruled these cases. In *Hull* we merely held that entry of the final decree could not be refused because the husband had not fulfilled his obligations under an integrated property settlement incorporated in the interlocutory decree.

"Temporary alimony and suit money may be granted, however, '[d]uring the pendency of any action for divorce or for separate maintenance' (Civ. Code, §§ 137.2 and 137.3), and the crucial question in this case is whether an action for divorce is pending within the meaning of those sections. The quoted language was taken from former Civil Code section 137. 'It was settled under section 137 that the phrase therein, "when an action for divorce is pending," embraced many diverse proceedings growing out of the divorce action and arising after entry of the final decree.' (*Lerner* v. *Superior Court*, 38 Cal.2d 676, 685 [242 P.2d 321].) . . . Since the present proceeding is also an attack on the divorce decree, temporary relief may likewise be granted under sections 137.2 and 137.3, and it is immaterial that the decree is attacked only with respect to its property provisions. It is also immaterial that the attack is by an independent action rather than by a motion in the divorce proceedings. (*Foy* v. *Foy*, 23 Cal. App.2d 543, 546 [73 P.2d 618].)'' (*See* v. *Superior Court*, 55 Cal.2d 279, 280-281 [10 Cal.Rptr. 634, 359 P.2d 32].)

*Foy* v. *Foy*, 23 Cal.App.2d 543 [73 P.2d 618], was decided on an appeal from an order in a suit in equity to vacate, for fraud, those portions of an interlocutory decree of divorce which awarded custody of the child of the parties to the mother and directed the father to pay for the support of the mother and the child. The order appealed from directed the plaintiff-appellant to pay for the support of the child pendente lite. In affirming the order the court held that the suit in equity "is really a continuation of the divorce action. An action in equity to vacate an interlocutory decree, since

it involves a reexamination of the issues, is analogous to a motion for a new trial. (*Carp* v. *Superior Court,* 76 Cal.App. 481 [245 P. 459].) The husband's choice of attack by an independent equitable proceeding rather than by a motion in the divorce action is immaterial and does not destroy the court's power to provide for the child's maintenance under section 137. (*Nelson* v. *Nelson,* 7 Cal.2d 449 [60 P.2d 982].) Although a decree of divorce had been previously granted, still the court under said section could order the husband to support his child. (*Dixon* v. *Dixon,* 216 Cal. 440 [14 P.2d 497].)''

██ We deem *See* and *Foy* to be sufficient authority for our conclusion that the court has power in the pending action to provide for the support and maintenance of plaintiff under section 139 of the Civil Code in the event that the judgment in the divorce action is vacated insofar as it relates to plaintiff's economic rights. Accordingly, defendant should be required to answer interrogatories 20, 21 and 22 relating to his income and net worth during the years 1964, 1965 and 1966.

Let a writ of mandate issue requiring the respondent court to vacate that part of its order of July 6, 1967, denying plaintiff's motion for an order requiring defendant to answer interrogatories 20, 21 and 22, and to enter an order requiring defendant to answer said interrogatories within a reasonable time.

Kaus, P. J., and Hufstedler, J., concurred.

A petition for a rehearing was denied November 3, 1967.