[Civ. No. 31814.   Second Dist., Div. Two.   July 29, 1968.]

CALIFORNIA AMERICAN INSURANCE COMPANY, Plaintiff and Appellant, v. MIDLAND NATIONAL LIFE INSURANCE COMPANY, Defendant and Respondent.

Luckman, Fenton & Lieber and Fred C. Fenton for Plaintiff and Appellant.

Ronald M. Sohigian, Hindin, McKittrick & Powsner and Ronald L. Hartman for Defendant and Respondent.

FLEMING, J.—Appeal from a summary judgment for defendant. Plaintiff's fourth amended complaint for breach of contract charges:

First Count: In 1962 plaintiff California American Insurance (California American) and defendant Midland National Life Insurance of South Dakota (Midland) entered a contract under which California American became Midland's general agent in Los Angeles. California American, and agents of Midland assigned to California American, procured insurance for Midland, and pursuant to this contract California American "conducted a very successful insurance business which was highly profitable to defendant." By 9 July 1964 it had sold $35,000,000 of insurance for Midland, but on that date Midland purported to terminate the contract by falsely charging California American with having breached the contract by agreeing to represent another insurance company without Midland's consent. California American claimed $190,000 in accruing insurance commissions.

Second Count: On or about 30 May 1964, Midland took possession of California American's books, records, files, office furniture, and equipment; and caused California American's telephone listing to be transferred to a Midland office. These activities, together with a refusal to pay accruing commissions, violated the contract provision for 30 days written notice for termination of the contract without cause. Damages of $190,000 were sought.

■ Midland denied these allegations and moved for summary judgment on the ground that the action was "barred by res judicata, collateral estoppel, and the full faith and credit clause . . . as a result of a judgment" in a prior action by California American against Midland in the United States District Court for South Dakota.

In the district court action California American sought damages on a claim that Midland had pirated its best agent. Midland counterclaimed under the contract for moneys advanced to agents assigned to California American.

The Midland-California American contract provided that Midland's advances to agents would become a debt of California American which Midland could deduct at any time from any moneys owed to California American. Under the contract California American agreed to devote its full time to the performance of its duties as agent and not to represent any other insurance company while the contract was in force. Paragraph (14), headed Termination, provided: .   .:

"This agreement may be terminated by either party hereto

on thirty days written notice . . . Should the General Agent . . . fail to comply with the rules and regulations of the company or the terms of this contract, or should the General Agent . . . endeavor to induce the agents of the Company to leave its service, or its policy holders to relinquish their policies, this contract may be terminated forthwith . . . and all rights and claims of the General Agent hereunder, including the claim for payment of any further sums of money, are likewise terminated, and he shall not be entitled to receive any further commissions or other sums of money, whatsoever, from the Company. . . .''

The South Dakota District Court found:

''(12) That . . . a contract [was] entered into between California American and Federated [Security Insurance Company] as of March 6, 1964, under which California American became a General Agent for Federated . . . [with] an understanding . . . that as rapidly as possible all of Midland's agents would be switched over to Federated. . . .

''(13) That pursuant to said contract, a number of Midland's agents were caused by California American to be licensed to write business for Federated, and did write business for Federated. . . .

''(17) That on or about June 30, 1965 [*sic*], Midland terminated the contract of California American as a General Agent . . . that on said date Midland did not then have the full facts as to the [California American-Federated dealings, but soon learned them, whereupon] Midland terminated said contract for cause, as it was permitted to do by Clause (14) . . . on July 9, 1964, and by virtue of said termination the said California American had no further right to commissions on premiums subsequently paid.''

In effect the district court found that California American had breached the contract, that California American was not entitled to damages, that Midland had terminated the contract for cause, and that Midland was entitled to judgment against California American for moneys advanced to the agents, plus interest.

California American contends the question of breach of contract was not raised by the pleadings in the South Dakota District Court action, and therefore the finding that California American breached the contract and Midland terminated for cause was unnecessary to the disposition of that action.

But in the district court action Midland counterclaimed for moneys due from California American. If Midland had wrongfully terminated the contract, it would have owed California American moneys for commissions on policy renewals, and California American's debt would have been offset by the amount of the commissions. Hence the finding that Midland terminated for cause, i.e., a breach of contract by California American, had a direct relationship to the principal issue between the parties—who was indebted to whom and in what amounts? Nevertheless, California American contends the district court should have limited its finding to the existence of the debts due Midland and California American's refusal to pay them. ▮▮▮ While the district court might have done so,[1] it did not; and California American is bound by the rule that the entry of final judgment by a court having jurisdiction over the parties and the subject matter bars further litigation of an issue determined by the judgment. (*Krier* v. *Krier,* 28 Cal.2d 841, 843 [172 P.2d 681] ; *Grable* v. *Grable,* 80 Cal.App.2d 353, 360 [4 Cal.Rptr. 353].)

Roth, P. J., and Nutter, J., concurred.

---

[1] If it had, California American might have become subject to the rule that one cannot relitigate in a subsequent action an issue which could have been determined in a previous action but was not. (*Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497].)