[No. D003191. Fourth Dist., Div. One. July 8, 1986.]

In re the Marriage of BURNICE R. and
MARSHALL L. FOREMAN, JR.
BURNICE R. FOREMAN, Appellant, v.
MARSHALL L. FOREMAN, JR., Respondent.

130

**COUNSEL**

Thomas Ashworth III and Mitchell, Ashworth, Keeney, Barry & Pike for Appellant.

Louis E. Goebel and Goebel, Shensa & Beale for Respondent.

**OPINION**

**WORK, J.**—Burnice R. Foreman appeals from an order denying her request to extend court-ordered spousal support payments beyond the termination date designated in the integrated property settlement between herself and her ex-husband, Marshall L. Foreman, Jr., and incorporated in the 1974 decree dissolving their 23-year marriage. We hold the trial court lacked jurisdiction to extend the spousal support beyond the date designated in the decree, and affirm.

I

When the Foremans separated after 23 years of marriage, they entered into a property settlement containing a spousal support provision obligating

husband to pay: "the sum of $1,300.00 per month, with the first of said payments to be made on or before May 5, 1974, and thereafter said payments to be made on or before the 5th day of each succeeding calendar month until Petitioner remarries, either party dies, or a total of ten years, whichever event first occurs. Thereafter, said spousal support payments shall automatically reduce to a jurisdictional amount of $1.00 per year for an additional one year, and then terminate. The said spousal support payments provided hereunder, shall not be modifiable under any circumstances until June 30, 1977. Thereafter, said support payments may be modified by the court on a proper showing by either party." Burnice's only request for modification came during the 11th year, when she asked the monthly payments be increased from the $1 provided for by the decree and for an extension of spousal support payments beyond the 11th year. The court determined it had no jurisdiction to extend payments, but did increase the $1 monthly support figure to $1,300 for the remainder of the 11th year.

## II

Marshall argues as if specific language is needed to give the court jurisdiction to modify spousal support and through the declarations of himself and his former lawyer asserts the parties never intended to allow the court to have extended jurisdiction or have the right to extend the period of spousal support beyond the period actually agreed upon. "The only discretion we intended to give to the court was to change the amount of spousal support in the one-year period following the ten years of designated spousal support of $1,300 per month." Marshall poses the proposition as if the court had no jurisdiction regarding spousal support unless it was specifically conferred by the parties' agreement. ■ However, spousal support is modifiable unless the agreement or decree contains specific language making it non-modifiable. (*Fukuzaki* v. *Superior Court* (1981) 120 Cal.App.3d 454, 458 [174 Cal.Rptr. 536]; Civ. Code,[1] § 4811.) There is no such express written agreement or oral agreement entered into in open court between the parties here. Thus, the court specifically retained jurisdiction to *modify* spousal support, at least during the stated term, regardless of any express agreement of the parties that it have that power. (§ 4811.)

## III

■ Our Supreme Court has stated clearly that "where jurisdiction to *award,* or *grant requests for,* spousal support is reserved until a specified date the court has fundamental jurisdiction until that date to take new action concerning such support. Such new judicial action may include an extension

---

[1]All statutory references are to the Civil Code unless otherwise specified.

of spousal support beyond the last date the court can act." (*In re Marriage of Vomacka* (1984) 36 Cal.3d 459, 474 [204 Cal.Rptr. 568, 683 P.2d 248], italics added.) Here, the trial court distinguished *Vomacka* based upon differences in the language in the settlement agreement and decree specifically underlying the *Vomacka* decision, and the agreement and interlocutory decree language affecting the Foremans.

In *Vomacka* the court was faced with avoiding the effect of section 4801, subdivision (d) which states: "An order for payment of an allowance for the support of one of the parties shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction." This section had been earlier interpreted in *In re Marriage of Morrison* (1978) 20 Cal.3d 437 [143 Cal.Rptr. 139, 573 P.2d 41], as intended to put the supporting spouse on notice the court has jurisdiction to extend the spousal support payments and to inform the supported spouse of the time within which he/she must petition for additional relief. (*Id.*, at p. 447.) In *Vomacka*, it is stated that retention of jurisdiction to extend spousal support payments may be reasonably implied even in the absence of plain language in the court order to that effect. Further, where, as here, there has been a lengthy marriage, termination of spousal support on a specified date is disfavored unless the record shows the supported spouse will be able to meet financial needs at the date scheduled for termination. (Citing *In re Marriage of Morrison, supra,* 20 Cal.3d at p. 453.) Language in spousal support orders *suggesting* modification of their terms will be permitted and routinely interpreted as a retention of the court's fundamental jurisdiction to modify, and, upon a proper factual showing, to extend spousal support provisions contained therein. (*In re Marriage of Vomacka, supra,* 36 Cal.3d at p. 470.)

The conclusion reached in *Vomacka* specifically applies "where the jurisdiction to *award,* or *grant requests for,* spousal support is reserved until a specified date. . . ." (*Id.*, at p. 474, italics added.) The underlying agreement in *Vomacka* contained the following ambiguous language: "The court shall retain jurisdiction regarding spousal support until September 1, 1974, at which time [Joyce's] *right to request* spousal support from [William] shall terminate forever. (Italics added.)" (*Id.*, at p. 462, italics added.)

The court took pains to point out that a reservation over a right to *request* spousal support at any time until September 1, 1984, would be meaningless if the court was without jurisdiction to award support past that date. Thus, *Vomacka* addressed language in a decree where the court specifically reserved jurisdiction to award or grant requests for spousal support until a specific date.

*Vomacka's* holding applies when the court has reserved jurisdiction to make an *award* of support or to act upon the *request* for such an award within a designated period. Arguably, when the court reserves jurisdiction for a period of time during which it retains the power to make an initial award of spousal support or to act upon a request for a second award of spousal support for a period of time after the termination of payments under the initial award (the situation in *Vomacka*), the language of section 4801, subdivision (d) simply is inapposite. That subsection refers to something different, i.e., the fact that a support order *once made* shall terminate at the end of the period specified and not be extended *unless the court in its original order retains jurisdiction.*

A recent decision addressed a fact situation somewhat more analogous to the one with which we deal. There, the interlocutory order stated husband should pay spousal support at a monthly sum for a period which would continue "'until the death of either party, remarriage, *until modified by a court of competent jurisdiction* or until the expiration of eight (8) years, whichever first occurs. [Italics added.]'" (*In re Marriage of Benson* (1985) 171 Cal.App.3d 907, 910 [217 Cal.Rptr. 589].) Here, the wife requested an extension before the court-ordered payments ceased under the first order, unlike the facts in *Vomacka* where the wife sought modification of the decree after the court-ordered payments ceased but during an additional "window" period permitting the wife to request additional spousal support. *Benson* interpreted *Vomacka* as permitting an extension of the original award under the "reserved jurisdiction" to modify so long as the modification request was brought before the termination date of payments set forth in the decree. *Benson* emphasized the following language in *Vomacka*: "Had [wife] not sought modification of the interlocutory decree before August 1, 1982, her spousal support payments would have ceased on that date. However, she nonetheless could have sought modification of the decree to provide for a new spousal support award, rather than an extension of the original award, pursuant to the language of the decree retaining jurisdiction to hear [wife's] requests for spousal support until September 1, 1984." (*In re Marriage of Vomacka, supra,* 36 Cal.3d at p. 470, fn. 9.)

In *Vomacka*, as in *Benson*, the wife brought the motion for modification before the cutoff date of support under the original award. In both the *Benson* and *Vomacka* decrees, there is language from which reservation of jurisdiction may be implied, i.e., the court-ordered support would "continue until further order of the court" or "until modified by a court of competent jurisdiction." Here there is no such language. The only language of modification refers to modifying spousal support *payments*. Thus, unlike *Benson*, there is no conditional clause which can be interpreted as reserving jurisdiction to extend the period of support beyond that specified in the decree

to comply with section 4801, subdivision (d). In *Benson* the modification clause suggested that support would continue until death, remarriage or until modified by a court of jurisdiction or a period of eight years, whichever first occurs. There, the modification first occurred and the modification clause was deemed to relate to the power of the court to modify the term of the support obligation. In the absence of express language making the modification apply only to a reduction of support payments, the court construed it as giving the court jurisdiction to extend as well.

Here, the language of the decree relating to length of term and conditions which would affect it is limited solely to death, remarriage or 11 years, after which it should terminate. There is no language which reasonably can be interpreted as reserving jurisdiction to avoid the effect of section 4801, subdivision (d), unless of course, the very inherent power of the court to modify during the term of the original order contains that power. Assuming the language regarding jurisdiction to modify in section 4811 otherwise could be subject to that interpretation, the language in section 4801, subdivision (d) is an express legislative limitation on that power, requiring reservation of jurisdiction to be stated by specific language in the decree of dissolution to extend the period of support. Otherwise, there would be no purpose for that section, because it always would be ineffective to prevent extensions in light of the court's inherent power to modify pursuant to section 4811. In order to make the statutory scheme rational, section 4811 must be deemed to refer only to the power to modify the terms of the support order for the time period designated in the original order of support, and the ability to extend that period of time deemed legislatively limited by section 4801, subdivision (d) to those situations where there has been an express reservation of jurisdiction in the original decree. *Vomacka* and *Benson* can be legitimately viewed as not violating this scheme, because they construe decrees containing reservations of jurisdiction which can be interpreted according to the public policy factors applicable to spousal support as such an expression of reservation.

Applying *Vomacka*'s analysis here, we find there is no express reservation of jurisdiction in the interlocutory decree, except that included in the language: "The said spousal support payments provided hereunder, shall not be modifiable under any circumstances until June 30, 1977. *Thereafter, said support payments may be modified by the court on a proper showing by either party.*" (Italics added.) The express reference to *payments* makes it unreasonable to construe this language as not being expressly limited to modifications of the *amount* of the *payments,* rather than implying a reservation of power to extend.[2]

---

[2]Three recent cases referred to in oral argument are not applicable to our facts: *In re*

Order affirmed.

Kremer, P. J., and Wiener, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 25, 1986.

---

*Marriage of Frick* (1986) 181 Cal.App.3d 997 [226 Cal.Rptr. 766], does not address the issues here; *In re Marriage of Segel* (1986) 177 Cal.App.3d 1030 [223 Cal.Rptr. 430], involves an attempt to extend the duration of spousal support through a motion *filed after* support term in the dissolution decree had expired; and *In re Marriage of Pekar* (1985) 173 Cal.App.3d 367 [218 Cal.Rptr. 823], involves a challenge to a spousal support order following a lengthy marriage in which the trial court was deemed to have retained jurisdiction to continue spousal support after an original five-year term during which specific monthly payments were to be made.