[No. D023508. Fourth Dist., Div. One. Aug. 26, 1997.]

In re the Marriage of DOROTHY M. and JACK R. BECK.
DOROTHY M. BECK, Respondent, v.
JACK R. BECK, Appellant.

## Counsel

Bruce M. Beals and Cristelle C. Beck for Appellant.

Annis & Spievak and James R. Spievak for Respondent.

## Opinion

**WORK, J.**—Jack R. Beck appeals that portion of a postjudgment order modifying an interlocutory judgment of dissolution of marriage purporting to reinstate spousal support to his former wife, Dorothy. He contends the trial court lacked jurisdiction to reinstate spousal support 16 years after the date established by the 1972 judicial decree which the trial court had entered upon the parties' stipulation, even though the 14-year marriage qualifies as one of long duration. Concluding the trial court was without jurisdiction, we reverse that part of the order awarding spousal support, attorney fees and costs. In all other respects, we affirm the order.

## I

After 14 years, the Becks' marriage ended in an interlocutory judgment of dissolution filed January 13, 1972, providing "[Jack] is to pay to [Dorothy] the sum of $502.00 per month as support for [Dorothy] for a period of seven years." Support payments began on November 1, 1971, and Jack made monthly payments as ordered. Dorothy never requested a modification of spousal support during the seven-year period which ended in November 1978, nor thereafter until the present proceedings.

In 1993, Dorothy was informed by an acquaintance that she might have an interest in benefits to which her ex-husband would be entitled at his anticipated retirement in June 1994. On November 29, 1993, Dorothy filed an order to show cause to adjudicate an omitted pension and establish a "Qualified Domestic Relations Order." On April 14, 1994, Dorothy filed a request to modify spousal support and for attorney fees and costs. These motions were consolidated.

The trial court denied Dorothy's motion to adjudicate a portion of the retirement as an omitted asset, concluding the law at the time of the dissolution of marriage divested it of jurisdiction to award an interest in Jack's retirement benefits which did not vest until one year three months after the final judgment of dissolution. Dorothy does not appeal this ruling. However, rejecting Jack's claim it had lost jurisdiction to modify the support order on a request made long after its original term expired, the trial court determined the fact the parties' marriage was long term gave it jurisdiction to modify the 1972 spousal support order. Accordingly, it ordered support reinstated and required Jack to pay to Dorothy $800 per month until her death or remarriage, Jack's death, or on further order of the court. Jack was also ordered to pay Dorothy's attorney fees and costs of $10,000.

The trial court purported to justify its ruling on equitable grounds, referring to the current large disparity in the parties' financial positions. The court commented that had Dorothy just delayed her dissolution action for 15 months, she would have been entitled to a portion of so much of Jack's retirement benefits which would have been vested at that time.

## II

We resolve the Becks' jurisdictional issue in light of statutory provisions which were relevant at the time this original spousal support order expired in 1978. Then, and at the time of the parties' dissolution, the law was unequivocal. Former Civil Code section 4801, subdivision (d)

stated: "An order for payment of an allowance for the support of one of the parties shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction." This provision was a substantial reenactment of former Civil Code section 139.7 (Stats. 1965, ch. 1109, § 1, p. 2755), effective September 17, 1965, a legislative measure designed to put both spouses on notice regarding the court's jurisdiction to extend spousal support. (See *In re Marriage of Morrison* (1978) 20 Cal.3d 437, 446-447 [143 Cal.Rptr. 139, 573 P.2d 41]; *Dahlstet* v. *Dahlstet* (1969) 272 Cal.App.2d 174, 176 [77 Cal.Rptr. 45]; Historical Note, 12A West's Ann. Civ. Code (1983 ed.) former § 4801, p. 631.)

At all times relevant to our issue, the law regarding continuing court jurisdiction to modify spousal support orders made no distinction based on the length of marriage. Further, the holding of *Tolle* v. *Superior Court* (1937) 10 Cal.2d 95, 97 [73 P.2d 607], that where a judgment provides spousal support payments for a definite term without reserving the right to modify, the court has no power to make additional allowances after judgment has been entered and the order has been satisfied, was well established. (*Long* v. *Long* (1941) 17 Cal.2d 409, 410 [110 P.2d 383]; *Dahlstet* v. *Dahlstet, supra,* 272 Cal.App.2d at p. 178.) An order purporting to provide spousal support, made after subject matter jurisdiction has been exhausted, is a nullity. (*Tolle* v. *Superior Court, supra,* 10 Cal.2d at p. 98, citing *Barry* v. *Superior Court* (1891) 91 Cal. 486, 487 [27 P. 763].)

### III

■ We are cognizant of and agree with the well-established judicial policy that language in spousal support agreements, especially those following long-term marriages, should be read to favor reservation of jurisdiction when it is subject to such implication. Indeed, Dorothy refers us to appellate decisions such as *In re Marriage of Jones* (1990) 222 Cal.App.3d 505, 514 [271 Cal.Rptr. 761], and *In re Marriage of Liss* (1992) 10 Cal.App.4th 1426, 1429-1430 [13 Cal.Rptr.2d 397], which did so in finding continuing jurisdiction. Those two cases, however, turn on facts quite different to those relevant to the Becks' conundrum and were reviewed in light of a later statutory scheme quite unlike that applicable to our review.

■ Resolution of both *Jones* and *Liss* was based on the statutory provisions contained in former Civil Code section 4801 as amended in 1987 (Stats. 1987, ch. 1086, § 2, pp. 3676-3678; now Fam. Code, § 4336). The 1987 amendment totally changed the thrust of the former statute, but only for cases to which it applied *on or after January 1, 1988. Jones* and *Liss* were

such cases; this case is not. As a result, the decrees in *Jones* and *Liss* were scrutinized by the new statutory provision which mandates, "[e]xcept upon written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely where the marriage has been of long duration." (Former Civ. Code, § 4801, subd. (d).) Because there were no exceptions to the strictures of the amended statute, continuing jurisdiction was found in *Jones* and in *Liss*.

Although citing *Jones* and *Liss*, Dorothy does not argue the provisions of Family Code section 4336, or its identical predecessor, Civil Code section 4801, as amended in 1987, apply to this case. Presumably, she concedes the support order we review is not one "filed on or after January 1, 1988" or a proceeding "pending on January 1, 1988, in which the court has not entered a permanent spousal support order or in which the court order is subject to modification." (Fam. Code, § 4336, subd. (d)(1) & (2).) Certainly, the Becks' judgment filed 16 years before January 1, 1988, and containing no language implying the court intended to reserve power to modify its 7-year spousal support order beyond November 1978, cannot be interpreted reasonably as one still "subject to modification" on a request made in 1994.

## IV

Dorothy offhandedly also cites, but does not discuss, Family Code section 3651, a reenactment of former Civil Code section 4811, which, by its terms, and with respect to property settlement agreements entered into on or after January 1, 1970, states: "a support order may be modified or terminated at any time as the court determines to be necessary." (Fam. Code, § 3651, subd. (a).) Although the trial court did not purport to support its order on this statute, Dorothy's bare reference to it in her appellate brief implies she believes it may serve that purpose. It is an issue we have addressed before, and one not relevant to this case.

In *In re Marriage of Foreman* (1986) 183 Cal.App.3d 129 [228 Cal.Rptr. 4], a case with facts similar to those we review, the reviewing court found no language in the spousal support order which reasonably could be interpreted as reserving judicial jurisdiction to avoid the terminating effect of the pre-1988 Civil Code section 4801, subdivision (d). It concluded the scope of Civil Code section 4811, subdivision (b), the predecessor to Family Code section 3651, was limited to articulating the court's power to modify the terms of a support order *within the time period designated in the original order of support*, and to its ability to extend the period of support *where there was an express reservation of jurisdiction in the original decree*. (*In re Marriage of Foreman*, *supra*, 183 Cal.App.3d at p. 134.) We are satisfied

that interpretation is correct and that Family Code section 3651 does not support a finding of jurisdiction here.

## V

Dorothy also heavily relies on certain portions of the decision in *In re Marriage of Vomacka* (1984) 36 Cal.3d 459 [204 Cal.Rptr. 568, 683 P.2d 248], the only case cited by the trial court in support of its jurisdictional finding. She quotes a phrase plucked extracontextually from that decision stating there is a "fundamental jurisdiction of trial courts to modify existing spousal support orders to extend support payments past the last date they can act." (*Id.* at p. 474.) Although the Supreme Court did articulate that proposition as one of the several policies it used to analyze the language of the particular interlocutory decree under review in that case, the decision did not hold, as Dorothy would suggest, that a court always retains jurisdiction to modify or extend support orders upon requests made after expiration of the term set forth in the decree. In *Vomacka*, the trial court's jurisdiction to extend the court-ordered term of spousal support was specifically found to exist because Mrs. Vomacka requested an extension *before* the end of the term originally stated and where the decree language reasonably could be construed as reserving jurisdiction to do so. The Supreme Court held in *that* context the trial court had fundamental jurisdiction to grant her request and to extend support beyond the original cutoff date. (*Ibid.*)

It is only because the Supreme Court interpreted the language in the Vomackas' interlocutory decree as impliedly giving the trial court retained jurisdiction to enter orders modifying and/or extending the spousal support order, that it concluded the otherwise applicable terminating effect of then Civil Code section 4801, subdivision (d) was avoided. Cases postdating *Vomacka*, such as *In re Marriage of Segel* (1986) 177 Cal.App.3d 1030, 1033 [223 Cal.Rptr. 430], *In re Marriage of Katz* (1988) 201 Cal.App.3d 1029, 1033 [247 Cal.Rptr. 562], and *In re Marriage of Benson* (1985) 171 Cal.App.3d 907, 913 [217 Cal.Rptr. 589], are to the same effect, as is *In re Marriage of Foreman, supra,* 183 Cal.App.3d at page 133.

The Becks' judgment contains no language referring to the court's power to modify the spousal support order even during the seven-year term agreed upon by the parties. The entire recitation is: "Respondent is to pay petitioner the sum of $502.00 per month as support for petitioner for a period of seven years." This language was adopted verbatim from the property settlement agreement drafted by Dorothy's attorney (Jack was not represented by counsel) and does not imply an intent to reserve court jurisdiction to modify or to extend spousal support on a request made for the first time long after the stated support term expired.

## VI

The trial court expressed concern that 23 years after dissolution, Dorothy and Jack now find themselves in economically disparate situations. However, neither the trial court nor Dorothy suggests why such disparity, standing alone, is a basis for reinstating jurisdiction to award spousal support which the court lost in November 1978.

## VII

In a puzzling argument, Dorothy again refers to the language of *In re Marriage of Vomacka, supra,* 36 Cal.3d at page 469, where the court adopted a policy stated earlier in *In re Marriage of Moore* (1980) 113 Cal.App.3d 22, 28 [169 Cal.Rptr. 619], to the effect that where there is ambiguity in the language of a marital property agreement it must be decided in favor of the right to spousal support. From this premise, Dorothy attempts a springbokian leap to conclude that "[h]ere, because the jurisdictional issues [*sic*] was not mentioned in the Interlocutory Judgment, there is not even an ambiguity as to its meaning. Therefore, pursuant to *Vomacka,* the trial court properly exercised its jurisdiction to modify support." However, Dorothy cannot span the chasm separating her premise and conclusion absent some analytical bridge. Because she offers none, and we are unable to conjecture one, we reject her apparent proposition that, as a matter of law, a doctrine requiring us to resolve language ambiguities in favor of retaining judicial jurisdiction in marital cases, mandates we construe unambiguous language in the same manner.

### DISPOSITION

The modification of the January 13, 1972, interlocutory judgment of dissolution of marriage awarding spousal support and attorney fees and costs is reversed. In all other respects, the order is affirmed. Requests by each party for attorney fees on appeal are denied. Parties shall bear their own costs.

Kremer, P. J., and McDonald, J., concurred.

A petition for a rehearing was denied September 15, 1997.